COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Hodges


GLORIA S. BROWN
                                    MEMORANDUM OPINION*
v.    Record No. 3311-02-1              PER CURIAM
                                       JULY 1, 2003
VIRGINIA INSTITUTE OF MARINE SCIENCE/
 COMMONWEALTH OF VIRGINIA


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Gloria S. Brown, pro se, on brief).

              (Jerry W. Kilgore, Attorney General; Judith
              Williams Jagdmann, Deputy Attorney General;
              Edward M. Macon, Senior Assistant Attorney
              General; Scott John Fitzgerald, Assistant
              Attorney General, on brief), for appellee.


     Gloria S. Brown (claimant) contends the Workers'

Compensation Commission erred in finding that employer proved

claimant was fully able to perform the duties of her pre-injury

work as of January 15, 2001.  Upon reviewing the record and the

parties' briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

"General principles of workman's compensation law provide that 'in an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In granting employer's application seeking to terminate claimant's outstanding award for temporary total disability benefits, the commission found as follows:

> Dr. [Charles E.] Wilhelm's January 3, 2001, letter to the claimant clearly shows that he considered her physical capabilities, as well as the requirements of her job before releasing her to preinjury employment. In his November 8, 2000, report, Dr. Wilhelm noted that the claimant was concerned that she was unable to return to work, and he suggested a meeting between himself, the claimant, her work supervisor, [Susan] Jones[, her R.N. rehab specialist], and [Sally] Wooldridge[, her hand therapist,] to establish any necessary work restrictions. Although there is a dispute regarding whether the claimant refused to attend that meeting, or was not invited, there is no evidence to contradict Dr. Wilhelm's statement that he reviewed the physical requirements of her job as described by her supervisor and the

- 2 -

department supervisor before he released her to return to work.

In her written statement, the claimant asserts that she "knows more about what type of job she does than those reporting to the doctor from the employer." However, we find that her supervisor and the department supervisor were able to adequately testify regarding her job description.

After meeting with her supervisor and the department supervisor to determine her job requirements, the claimant's treating physician released her to preinjury employment. Although the most recent medical reports are from Dr. [Boyd W.] Haynes[, III], we note that he did not recommend any work restrictions. There is no medical evidence to support the claimant's testimony that she is unable to return to her preinjury job. Furthermore, there is no evidence that she unsuccessfully attempted to return to work.

Dr. Wilhelm's unequivocal medical records and reports provide credible evidence to support the commission's finding that claimant was released to perform all of the duties of her pre-injury work without restrictions as of January 15, 2001. As fact finder, the commission was entitled to accept Dr. Wilhelm's unequivocal and well-considered opinion, and to reject claimant's testimony to the contrary. Because credible evidence supports the commission's findings, we are bound by them on appeal.

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>

- 3 -